J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA CITIZENS DEFENSE LEAGUE, INC., a Virginia domestic corporation; PHILIP VAN CLEAVE, an individual; and JIM SNYDER, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01683<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Virginia Citizens Defense League, Inc. ("VCDL"), Philip Van Cleave ("Mr. Van Cleave"), and Jim Snyder ("Mr. Snyder"; collectively with VCDL and Mr. Van Cleave known herein as the "Defendants") on information and belief:

## NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. VCDL is, and has been at all times relevant to this lawsuit, a Virginia domestic corporation.

5. VCDL is, and has been at all times relevant to this lawsuit, identified by the current registrar, Tucows Inc. ("Tucows"), as a registrant and administrative contact for the Internet domain found at <vcdl.org> (the "Domain").

6. Mr. Snyder is, and has been at all times relevant to this lawsuit, identified by Tucows as a registrant and administrative contact for the Domain.

7. Mr. Snyder is, and has been at all times relevant to this lawsuit, identified by the content accessible through the Domain (said content accessible through the Domain known herein as the "Website") as the "Vice President" of VCDL.

8. Mr. Van Cleave is, and has been at all times relevant to this lawsuit, identified by the Website as the "President" of VCDL.

9. Mr. Van Cleave reproduced an unauthorized copy of the Righthaven-owned literary work entitled: "Slaying of Army veteran shocks friends" (the "Work"), attached hereto as Exhibit 1, and posted said unauthorized copy (the "Infringement"), attached hereto as Exhibit 2, on the Website.

## JURISDICTION

10. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

11. Righthaven is the owner of the copyright in and to the Work.

12. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

13. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

14. On or about July 22, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

15. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

16. The subject matter, at least in part, of the Work and the Infringement, is the fatal shooting of a Las Vegas, Nevada resident at a Las Vegas, Nevada-based Costco.

17. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

18. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

19. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

## **VENUE**

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because VCDL is subject to personal jurisdiction in Nevada.

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

**FACTS**

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

24. Righthaven is the owner of the copyright in and to the Work.

25. The Work was originally published on or about July 12, 2010.

26. On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-484454258, and attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

27. On or about July 22, 2010, Mr. Van Cleave posted the Infringement on the Website, and the indication of Mr. Van Cleave's posting of the Infringement on the Website is depicted in Exhibit 2, wherein the Infringement identifies the poster as: "From Philip Van Cleave."

28. On or about July 22, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

29. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

30. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

31. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 30 above.

32. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

33. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

34. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

35. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

36. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

37. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

38. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

39. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

40. VCDL has willfully engaged in the copyright infringement of the Work.

41. Mr. Van Cleave has willfully engaged in the copyright infringement of the Work.

42. Mr. Snyder has willfully engaged in the copyright infringement of the Work.

43. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Tucows, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-eighth day of September, 2010.

                                            RIGHTHAVEN LLC

                                            By: /s/ J. Charles Coons
                                            J. CHARLES COONS, ESQ.
                                            Nevada Bar No. 10553
                                            JOSEPH C. CHU, ESQ.
                                            Nevada Bar No. 11082
                                            9960 West Cheyenne Avenue, Suite 210
                                            Las Vegas, Nevada 89129-7701
                                            *Attorneys for Plaintiff*