# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>VIRGINIA CITIZENS DEFENSE LEAGUE,<br>INC., PHILIP VAN CLEAVE, and JIM<br>SNYDER,<br><br>                    Defendants. | Case No.: 2:10-cv-01683-GMN-PAL<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendants Virginia Citizens Defense League, Inc. ("VCDL"), Philip Van Cleave and Jim Snyder's Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim upon which relief can be granted (ECF No. 7).  Plaintiff Righthaven LLC filed a Response on December 13, 2010 (ECF No. 13) and Defendants filed a Reply on December 13, 2010 (ECF No. 22). Additionally, Plaintiff filed an Objection (ECF No. 15) and Defendant filed a Response to Evidentiary Objections (ECF No. 23).  Finally, Defendant filed a Notice of Supplemental Authority (ECF No. 24).

## FACTS AND BACKGROUND

This case arises out of an alleged copyright infringement.  The Complaint alleges that VCDL, its President (Philip Van Cleave), and Vice-President (Jim Snyder), reproduced, distributed, and "willfully engaged" in copyright infringement of a news article that originally appeared on the Las Vegas Review Journal website. (Complaint. ¶¶ 36, 38, 40-42, ECF No. 1; Article, Complaint Ex. 1, ECF No. 1-1). The article related to a West Point graduate and

military veteran who had a permit to carry a concealed handgun, and was shot and killed by police while exiting a Costco store. (*See* Article).  Plaintiff Righthaven LLC alleges that it holds the copyright to this article as such rights having been transferred to it from the original owner. (Complaint ¶¶ 24, 26; USCO Application, Complaint Ex. 3, ECF No. 1–1).

The article appeared on the Las Vegas Review Journal's website on or about July 12, 2010. (Complaint ¶¶ 12, 25; Article, Complaint Ex. 1, ECF No. 1).  The Complaint states that Mr. Van Cleave "posted said unauthorized copy" on a website known as "vcdl.org" on or about July 22, 2010. (Complaint ¶¶ 5, 9, 14).  It is alleged that "Defendants" displayed this "infringement" on "vcdl.org," which the Complaint refers to as "the Website" and that the Defendants continue to display it. (Complaint ¶¶ 5, 7, 14).  The posting at issue expressly states at the outset that another individual emailed the article to Mr. Van Cleave.  (S*ee* Reposting, Complaint. Ex. 2, ECF No. 1-1).

Plaintiff filed suit on September 28, 2010. (Complaint, ECF No. 1).  Defendants filed the instant Motion to Dismiss claiming lack of personal jurisdiction and failure to state a claim. (MTD, ECF No. 7).

## DISCUSSION

**A.    Personal Jurisdiction**

A defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Personal jurisdiction over a nonresident defendant is established when a two-part test is satisfied.  First, there must be personal jurisdiction under the laws of the state where it is asserted. *Chan v. Society Expeditions, Inc*., 39 F.3d 1398, 1404 (9th Cir. 1994).  Second, the exercise of jurisdiction must satisfy due process. U.S. Const. amend XIV, 1; *Chan*, 39 F.3d at 1404–05.

For a non-resident defendant, the assertion of jurisdiction is constitutionally proper under the Due Process Clause of the Fourteenth Amendment only where there are continuous

and systematic contacts with the forum state (general jurisdiction), *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009), or when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice (specific jurisdiction), *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The only jurisdiction basis claimed by Plaintiff in this case is specific jurisdiction.  The Ninth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must have purposely availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must arise out of that activity; and (3) the exercise of jurisdiction must be reasonable. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990).

### 1.      Purposeful Availment or Direction

Under the first prong of the Ninth Circuit test the defendant must have either (1) "purposefully availed" himself of the privilege of conducting activities in the forum, or (2) "purposefully directed" his activities toward the forum.  *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir. 2004).  A purposeful availment analysis is most often used in suits sounding in contract while a purposeful direction analysis is most often used in suits sounding in tort. *Id.*  Copyright infringement is often characterized as a tort; therefore, purposeful direction is the proper analytical framework for this case. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir.2010).

Purposeful direction is determined under the "effects" test of *Calder v. Jones*, 465 U.S. 783, 789–90 (1983).  "Under *Calder* the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*,

1   374 F.3d at 803.  Cases following *Calder* have explained that the "effects" test is not satisfied

2   merely by a foreign act with foreseeable effects in the forum; there must be "something

3   more"–namely, "express aiming" at the forum state.  *Bancroft & Masters, Inc. v. Augusta*

4   *Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (citing *Calder*, 465 U.S. at 789).

5        This court and other courts have relied on the Ninth Circuit opinion in *Columbia*

6   *Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir.

7   1994), to hold that where a defendant "willfully infringed copyrights owned by [the plaintiff],

8   which, as [the defendant] knew, had its principal place of business in the Central District [of

9   California], [t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement."

10  *See e.g.*, *Steppin' Out, Inc. v. National Sav. Corp.*, 120 Fed. Appx. 1, 2, (9th Cir. 2005);

11  *Righthaven LLC v. MajorWager.Com, Inc.*, No. 2:10-cv-00484-GMN-LRL, 2010 WL

12  4386499, at *3 (D.Nev. October 28, 2010); *Righthaven, LLC v. Industrial Wind Action Corp.*,

13  No. 2:10-cv-601-RLH-PAL, 2010 WL 3829411, at *1 (D.Nev. Sept. 24, 2010); *Righthaven,*

14  *LLC v. Dr. Shezad Malik Law Firm*, *P.C.*, No. 2:10-cv-0636-RLH-RJJ, 2010 WL 3522372, at

15  *1 (D.Nev. Sept. 2, 2010); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093,

16  1106 (C.D.Cal., 2007); *Brayton Purcell LLP v. Recordon & Recordon*, 361 F.Supp.2d 1135,

17  1141–42 (N.D.Cal.2005) *aff'd*, 606 F.3d 1124 (9th Cir.2010).

18       Defendants argue that *Columbia Pictures* has been superseded and that in the more

19  recent cases the Ninth Circuit has held that the mere fact that the infringement occurs with

20  respect to copyrighted or trademarked material produced or located within the forum,

21  occurrence of the injury to a plaintiff within the forum and knowledge that the plaintiff and

22  injury are within the forum state, is not sufficient to sustain personal jurisdiction. *See Brayton*

23  *Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124 (9th Cir. 2010) (superseding the

24  withdrawn opinion in same case reported at 575 F.3d 981(9th Cir. 2009)); *Pebble Beach Co.*

25  *v. Caddy*, 453 F.3d 1151 (9th Cir. 2006); *see also Bancroft & Masters, Inc. v. Augusta Nat'l*

*Inc.*, 223 F.3d 1082 (9th Cir. 2000).  Defendants assert that the Ninth Circuit has emphasized in these recent cases that "express aiming" is necessary to support personal jurisdiction and that operating a passive website that may infringe on a trademark or copyrighted material within the forum state is not sufficient, even if it causes foreseeable harm to a plaintiff there who holds the intellectual property rights.

There is substantial tension between *Columbia Pictures'* application of *Calder* and the series of subsequent opinion in the Ninth Circuit. *See Righthaven LLC v. South Coast Partners, Inc.*, Case No. 2:10-cv-01602-LRH-LRL, 2011 WL 534046, at *3 (D.Nev. Feb. 8, 2011).  In these subsequent opinions the court has consistently held that "infringement of a plaintiff's intellectual property rights, with knowledge that the plaintiff's principal place of business is in the forum and that the harm will be felt there is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum." *Id.*(citing *Schwarzenegger,* 374 F.3d at 807 (articulating the "express aiming" requirement and holding that, even though the defendant may have known that plaintiff lived in California, the requirement was not satisfied by the defendant's unauthorized use of plaintiff's image in a newspaper advertisement because it was published only in Ohio); *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1158 (9th Cir.2006) (where a California golf resort alleged intentional infringement and dilution of its registered trademark, holding that the use of "Pebble Beach" in the domain name of a passive website for a UK bed and breakfast did not constitute "express aiming" at California, despite the defendant's knowledge of the California resort)).

However, the Ninth Circuit has never questioned the continuing validity of *Columbia Pictures'* application of *Calder.*  Some lower courts have discussed the tension between *Columbia Pictures* and the Ninth Circuit's jurisprudence following *Schwarzenegger.*  For example in *Brayton Purcell* the district court explained that *Schwarzenegger* did not overrule

*Columbia Pictures*, nor did it provide any explicit reasoning why the holding in *Columbia Pictures*, might be suspect. *Brayton Purcell*, 361 F.Supp.2d 1135 (N.D.Cal. 2005).  The district court in *Brayton Purcell* found that it was bound to follow *Columbia Pictures* since it was directly on point. *Id.*  When the court of appeals reviewed the district court's decision in *Brayton Purcell*, it did not acknowledge the apparent conflict between *Columbia Pictures* and *Schwarzenegger* and instead held that the facts of the case satisfied the heightened requirements of *Schwarzenegger. Brayton Purcell*, 606 F.3d at 1128–30.

  This Court agrees with a recent district court case which stated that "unless and until the Ninth Circuit overrules *Columbia Pictures*, this court remains bound by its express holding that where the defendant 'willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the [forum],' '[t]his fact alone is sufficient to satisfy' the *Calder* effects test." *South Coast Partners, Inc.*, 2011 WL 534046, at *4.  Defendant is imputed the common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, which is in the forum state of Nevada.  Further the content of the article is about an incident occurring in Nevada and is of special interest to Nevada citizens.  Therefore, the Court finds that the Defendant in this case "purposefully availed" itself of the privilege of conducting activities in the state of Nevada.

### 2. Activity in the Forum State

  The second prong of the Ninth Circuit's test to determine whether the exercise of specific jurisdiction satisfies due process is that the plaintiff's claim must arise out of that activity conducted in the forum state.  This is satisfied as the infringement would not have occurred but for Defendant copying the infringing material published by the Las Vegas Review Journal and displayed on the Las Vegas Review Journal website. *See Bancroft & Masters*, 223 F.3d at 1088.

/ / /

### 3.    Reasonableness

Finally, under the third prong of the Ninth Circuit test, Plaintiff must demonstrate that the exercise of jurisdiction is reasonable.  "[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." *Columbia*, 106 F.3d at 289 (quoting *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986) (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184–85).  The five factors to consider when determining if the exercise of personal jurisdiction would be unreasonable are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 292 (1980).

The defendants in this case do not specifically address the reasonableness of exercising jurisdiction over them in Nevada.  However, this Court has previously determined that,

> "[a]rguably, the forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher written about the Las Vegas, Nevada-based sports books.  The Las Vegas Review Journal's subscribers are purportedly primarily residents of the forum state of Nevada and the LVRJ advertisers consist mainly of local Nevada businesses.  Any infringement could reasonably be expected to affect them as well.  Finally, Plaintiff has named numerous Defendants in other identical suits each from numerous other states. The interstate judicial system would benefit from the efficient resolution of this case in the same forum as the others. This would serve fundamental substantive common social policies.

*MajorWager.Com, Inc.*, 2010 WL 4386499, at *4.  Therefore, as the presumption favors the Plaintiff the Court finds that this prong is satisfied.  Accordingly, the Court has jurisdiction over Defendants in this action.

**B.     Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a complaint pleads facts that are

1  "merely consistent with" a defendant's liability, it "stops short of the line between possibility

2  and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not

3  enough to survive a motion to dismiss; facts that a particular defendant may plausibly be

4  liable for the alleged conduct must be pled.

5          "Generally, a district court may not consider any material beyond the pleadings in

6  ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part

7  of the complaint may be considered on a motion to dismiss."  *Hal Roach Studios, Inc. v.*

8  *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).

9  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no

10  party questions, but which are not physically attached to the pleading, may be considered in

11  ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a

12  motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

13  Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public

14  record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if

15  the district court considers materials outside of the pleadings, the motion to dismiss is

16  converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp.*

17  *Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

18          Defendants argue that Plaintiff has failed to state a claim upon which relief can be

19  granted because (1) Defendants have affirmative defenses to Plaintiff's claims, namely "fair

20  use" and "implied license," and (2) Plaintiff lacks standing to sue.

21          **1.    Affirmative Defenses**

22          Generally a court will not dismiss a complaint for failure to state a claim under Rule

23  12(b)(6) merely because a defendant pleads affirmative defenses.  This is because a plaintiff

24  does not need to anticipate and attempt to plead around all potential defenses. *See Gomez v.*

25  *Toledo*, 446 U.S. 635, 100 S.Ct. 1920 (1980); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372

F.3d 899, 901 (7th Cir. 2004).  "Only when the plaintiff pleads itself out of court-that is, admits all the ingredients of an impenetrable defense-may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem*, 372 F.3d at 901.  "Ordinarily, affirmative defenses may not be raised by motion to dismiss but this is not true when the defense raises no disputed issue of fact." *Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984)(internal citations omitted).

Defendants argue that the complaint should be dismissed on fair use and implied license grounds.  Fair use of a copyrighted work is a valid affirmative defense to an allegation of infringement of copyright under the Copyright Act. 17 U.S.C. § 107.  Implied license is also a valid affirmative defense.  Defendants submit affidavits from Philip Van Cleave and others as well as documentation showing that VCDL is a non-profit company in part to prove their affirmative defenses.  However, the Court cannot consider these documents without converting the motion to a summary judgment motion.[1]  Further, Defendants do not request that the motion be converted to a motion for summary judgment.

Even if the Court were to convert the motion to a motion for summary judgment, the Court does not find that there is sufficient evidence before it to find that there are no genuine issues of material fact in order to grant summary judgment in favor of the Defendants for fair use and implied license grounds.  For example, under the doctrine of fair use the court considers a variety of factors including the amount and substantiality of the portion used in relation to the copyrighted work as a whole. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1117-18 (D. Nev. 2006).  This factor considers "whether the amount and substantiality of the portion used in relation to the copyrighted work as a whole . . . are reasonable in relation to the purpose of the

---

[1] However the court can consider extrinsic evidence when determining whether or not the court has personal jurisdiction over defendants. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  This Court did consider the affidavits submitted by Defendants in its decision on personal jurisdiction.

copying." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586, 114 S.Ct. 1164 (1994)(internal quotations omitted).  Although "wholesale copying does not preclude fair use per se, copying an entire work militates against a finding of fair use." *Napster*, 239 F.3d at 1016 (internal quotations omitted).  Plaintiff alleges that the entire copyrighted work was copied.  The finder of fact must determine if posting the work in its entirety was reasonable in light of the purpose of the use or if it may have been feasible for Defendant to merely post a link on its webpage with a brief description of the article.  At the summary judgment stage, the court must construe the facts in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  Thus, posting the entire article weighs against fair use if it was feasible for Defendants to just post a link on its webpage.  This is only one example where additional facts would help determine if the alleged infringement was fair use.  The same holds true for the implied license defense.

Plaintiff has met the notice pleading requirements under Fed. R. Civ. P. 8(a).  To assert copyright infringement, the plaintiff must allege: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).  Plaintiff provided evidence that it owns the article in question by submitting the copyright application submitted to the USCO.  Further, Plaintiff submitted a copy of the article that was posted on Defendants' website.  Thus, Plaintiff has alleged facts while also providing evidence to demonstrate that a copyright infringement has occurred and has stated a claim upon which relief could be granted.

### 2.    Standing

Defendants' next argument is that Plaintiff lacks standing to sue.  Defendants only argue that the alleged infringement took place prior to the transfer and registration of the copyright and thus as the assignee of the copyright Plaintiff lacks standing.  Plaintiff argues that it is not required to allege copyright ownership at the time of the infringement.  Plaintiff

further argues that to comply with Rule 8(a) requirements it is sufficient to assert: "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).

The Ninth Circuit held in *Silvers* that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment and the assignee also owns the actual copyrights. *Id*. at 890 (aligning the Ninth Circuit with the Second Circuit as expressed in *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2nd Cir. 1991)). As explained in *ABKCO Music, Inc.*, an assignee can only prosecute an infringement that occurred prior to ownership of the copyright if the accrued causes of action are expressly included in the assignment. 944 F.2d 971, 980 (2d Cir. 1991). *See also Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F.Supp. 1378, 1384 (C.D.Cal. 1993) ("[A]n assignment of a copyright ordinarily is presumed not to convey the right to sue for prior causes of action."); 2 Patry on Copyright § 5:113 (2007) ("The general rule is that a transfer does not automatically convey preexisting causes of action unless expressly conveyed in the transfer document. Thus, absent an express transfer, the transferor retains the right to sue for infringement of any rights it owned at the time the infringement occurred."). Therefore, more information is needed to determine when the infringement occurred and whether the transfer conveyed preexisting claims. This is crucial to whether or not Plaintiff has standing to pursue the claim.

While issues regarding other possible defects regarding standing may exist, a motion to dismiss for failure to state a claim does not require the court to examine issues not raised or

briefed by the parties regarding the assignment of the copyright.  For example, "[o]nly the owner of an exclusive right under the copyright act is entitled to sue for infringement." *Silvers v. Sony Pictures Entertainment, Inc*., 402 F.3d 881, 889 (9th Cir. 2005).  However, the extent of the assignment is generally best determined through the discovery process. See *Righthaven v. Majorwager, supra,* at fn 2, ("Defendants do not question, nor do the parties address the true nature of the transfer or any other possible defects related to Plaintiff's standing. Regardless of the assignment's assertions, if only a right to sue was transferred; Plaintiff may lack standing. *ABKCO Music*, 944 at 980 (Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.); citing, *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27 (2nd Cir. 1982)").  Therefore, if discovery reveals that the assignment of the copyright does not convey the appropriate rights to sue for the infringement alleged in this case – including whether or not the right to sue for prior infringements was assigned – this could be raised in a motion for summary judgment.[2]

Nevertheless, as previously stated, the Complaint itself does plead the essential facts sufficiently; that Plaintiff owns the copyrighted work and that Defendants infringed the work. This is sufficient to state a cognizable claim and survive a motion to dismiss.  The Complaint complies with the notice pleading requirements under Fed. R. Civ. P. 8(a).  The heightened pleading requirements of Rule 9 do not apply here.  Furthermore, the allegation that Defendants continued to display the copyrighted work (and in essence continued to infringe the copyrighted work) at the time the complaint was filed would likely cure any standing deficiency because there is no dispute that Plaintiff was the owner of the copyright at the time

---

[2] After the Defendants filed their motion to dismiss, an agreement between Righthaven and Stephens Media was produced in discovery in another case. A court in this district recently found that Righthaven lacked standing because that agreement did not transfer an exclusive right under the Copyright Act to Righthaven. *See Righthaven LLC v. Democratic Underground, LLC, et al*., Case No. 2:10-cv-01356-RLH-GWF. In light of this recent decision, the parties in this case may need to investigate whether that defective agreement also covered the assignment of the copyrighted work at issue in this case.

the complaint was filed.

## C.     Defendant Jim Snyder

Defendants move to dismiss Defendant Jim Snyder because the Complaint fails to sufficiently state facts alleging Mr. Snyder's alleged infringing activities.  The Complaint states that Mr. Snyder is the Vice President of VCDL and that he is the registrant and administrative contact for the domain <vcdl.org>. (Complaint, ¶¶6 & 7).  Paragraph 13 and 14 of the Complaint states that "[t]he Defendants willfully copied, on an unauthorized basis, the [article] from a source emanating from Nevada . . . and displayed . . . the Infringement on the Website." (*Id.*).

Defendants argue that the Complaint only asserts conclusory allegations against Mr. Snyder and as such should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Plaintiff states facts regarding Mr. Snyder's participation in the alleged infringement as the vice president and administrative contact for the domain.  In a motion to dismiss, the court must accept as true these well-pled factual allegations.  Plaintiff's Complaint alleges facts that allow this Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct as the vice president and website administrator.  For this reason and the reasons stated above, the Court denies Defendants' Motion to Dismiss Defendant Jim Snyder.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Virginia Citizens Defense League, Inc. ("VCDL"), Philip Van Cleave and Jim Snyder's Motion to Dismiss (ECF No. 7) is **DENIED**.

**DATED** this 23rd day of June, 2011.

_____
Gloria M. Navarro
United States District Judge